## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO:

LAUREN MILITELLO, an individual,

        Plaintiff,

vs.

SHERIFF SCOTT ISRAEL as Sheriff
of the Broward Sheriff's Office, DEPUTY
DELIA DALY-ENGLAND, in her individual
capacity, DEPUTY TIFFANNIE FANN, in her
individual capacity, DEPUTY RUFINO MOREL,
JR., in his individual capacity, and DEPUTY
DANNY POLK, in his individual capacity,

        Defendants.

_____/

## COMPLAINT

Plaintiff, LAUREN MILITELLO, by and through undersigned counsel, hereby sues SHERIFF SCOTT ISRAEL, as Sheriff of the Broward Sheriff's Office, DEPUTY DELIA DALY-ENGLAND, in her individual capacity, DEPUTY TIFFANNIE FANN, in her individual capacity, DEPUTY RUFINO MOREL, JR., in his individual capacity, and DEPUTY DANNY POLK, in his individual capacity, (collectively "Defendants"), and in support thereof alleges as follows:

## PARTIES

1.      At all times material hereto, Plaintiff, LAUREN MILITELLO ("Militello" or "Plaintiff"), is an individual that resides in Broward County, Florida, is over eighteen (18) years of age and is otherwise *sui juris*. Militello has multiple sclerosis and is substantially limited in many different major life activities, including, but not limited to a lack of mobility Accordingly,

1

Militello is a qualified individual with a disability under Section 504 and the Americans with Disabilities Act.

2.     At all times material hereto, Defendant, SHERIFF SCOTT ISRAEL ("BSO") is the Sheriff of the Broward Sheriff's Office located in Broward County, Florida and is otherwise *sui juris* as Sheriff of the Broward Sheriff's Office.

3.     At all times material hereto, Defendant, DEPUTY DELIA DALY-ENGLAND ("Deputy Daly-England"), upon information and belief, is a resident of Broward County, Florida, is over eighteen (18) years of age and is otherwise *sui juris*. At all times material hereto, Deputy Daly-England was an employee and a law enforcement officer of BSO and is being sued in her individual capacity. At all times material hereto Deputy Daly-England was acting as an agent and employee of BSO, and was acting under the color of state law.

4.     At all times material hereto, Defendant, DEPUTY TIFFANNIE FANN ("Deputy Fann"), upon information and belief, is a resident of Broward County, Florida, is over eighteen (18) years of age and is otherwise *sui juris*. At all times material hereto, Deputy Fann was an employee and a law enforcement officer of BSO and is being sued in her individual capacity. At all times material hereto Deputy Fann was acting as an agent and employee of BSO, and was acting under the color of state law.

5.     At all times material hereto, Defendant, DEPUTY RUFINO MOREL JR., ("Deputy Morel"), upon information and belief, is a resident of Broward County, Florida, is over eighteen (18) years of age and is otherwise *sui juris*. At all times material hereto, Deputy Morel was an employee and a law enforcement officer of BSO and is being sued in his individual capacity. At all times material hereto Deputy Morel was acting as an agent and employee of BSO, and was acting under the color of state law.

6.      At all times material hereto, Defendant, DEPUTY DANNY POLK ("Deputy Polk"), upon information and belief, is a resident of Broward County, Florida, is over eighteen (18) years of age and is otherwise *sui juris*. At all times material hereto, Deputy Polk was an employee and a law enforcement officer of BSO and is being sued in his individual capacity. At all times material hereto Deputy Polk was acting as an agent and employee of BSO, and was acting under the color of state law.

7.      BSO is a public entity pursuant to 42 U.S.C. § 12131, and is subject to the provisions of Title II of the Americans with Disabilities Act.

8.      BSO is a recipient of federal financial assistance, and is therefore subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## JURISDICTION

9.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment of the United States Constitution, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794,  and the laws of the State of Florida.

10.      The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1342(a)(3) and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

## VENUE

11.      Venue is placed in the United States District Court for the Southern District of Florida because it is where all the Defendants reside and where the events complained of occurred.

## FACTS

12.     On May 25, 2012, Militello was arrested by the Broward Sheriff's Office for a violation of probation charge and subsequently transported to the Broward County Jail for booking.

13.     At the time of her arrival, Militello was suffering significant pain as a result of multiple sclerosis. As a result of her injuries and disabilities, Militello depended on a pair of crutches to facilitate her movement.

14.     After arriving in the sallyport area, a male Broward Sheriff's Officer asked Militello to strip down and get into a uniform.

15.     Due to her ailments, Militello could not stand up and asked Deputy Daly-England to assist her in standing.

16.     At no time did Militello threaten Deputy Daly-England or make any movements or gestures towards Deputy Daly-England which would create the fear of any imminent physical harm or contact. Militello was completely respectful towards Deputy Daly-England.

17.     Deputy Daly-England responded to Militello's request for assistance by yelling and ordering her to "fucking get up."

18.     When Militello could not stand up on her own, Deputies Polk and Morel grabbed her and forced her to stand.

19.     Deputy Daly-England, Deputy Fann, Deputy Morel, and Deputy Polk escorted Militello to the booking area.

20.     As Militello walked towards the booking area, Deputy Daly-England, for no justifiable reason, and without any provocation, pushed Militello into a wall causing Militello to fall to the ground.

21.     Upon collapsing, Deputy Daly-England then grabbed Militello by her hair and dragged her across the floor into a search room.

22.     In the room, Deputy Daly-England restrained Militello, and punched her repeatedly in the face causing Militello to lose consciousness.

23.     Militello then began to shake uncontrollably, at which point she suffered a seizure and started to bleed from her nose.

24.     Deputy Fann, Deputy Morel, and Deputy Polk were present during the unprovoked attack and took no action to intervene or otherwise stop the attack on Militello.

25.     After assaulting and battering Militello, Deputy Daly-England used Militello's underwear to clean Militello's blood.

26.     Due to the severity of Militello's injuries, Booking Sergeant D. Williams called Armor Medical staff to assist Militello.

27.     Deputy Daly-England subsequently arrested Militello in the booking cell and charged Militello with resisting an officer without violence, pursuant to Florida Statutes § 843.02. Deputy Daly-England fabricated the facts contained in the arrest affidavit.

28.     On August 15, 2012, the Office of the State Attorney, 17th Judicial Circuit, Broward County, Florida "nolle prossed" the charges against Militello.

29.     The charges against Militello were neither substantiated in fact or in law. At no time material hereto did Militello engage in a crime or any violation of Florida Statutes.

30.     On June 13, 2013, the Office of the State Attorney, 17th Judicial Circuit, Broward County, Florida charged Deputy Daly-England with battery pursuant to Florida Statute § 784.03(1) based on the attack committed by Militello.

31.     Pursuant to Florida Statutes § 768.29, Militello has delivered written notice of Militello's claims against BSO.  All conditions precedent to the filing of this action have been satisfied or waived.

32.     Disability Independence Group, Inc. and Entin and Della Fera, P.A., have been retained to represent Ms. Militello, and she has agreed to pay counsel a reasonable fee for their services herein.

## CAUSES OF ACTION AGAINST DEPUTY DELIA DALY-ENGLAND

### COUNT I
### BATTERY

33.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

34.     On or about May 25, 2012, Deputy Daly-England intentionally attacked and battered Militello without provocation.

35.     Deputy Daly-England committed said attack with the intent to cause harmful or offensive contact to Militello.

36.     Deputy Daly-England did physically contact Militello without Militello's consent when Deputy Daly-England pushed Militello into a wall, dragged Militello by her hair, and punched Militello in the face.

37.     Deputy Daly England's physical contact with Militello was harmful and offensive to Militello.

38.     Deputy Daly-England acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Militello's rights, safety, or property.

39.     As a direct and proximate cause of Deputy Daly-England's intentional attack, Militello has suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, prejudgment interest and any further relief this Court deems equitable and just and proper.

**COUNT II**
**ASSAULT**

40.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

41.     On or about May 25, 2012, Deputy Daly-England intentionally attacked and assaulted Militello without provocation.

42.     Deputy Daly-England committed said attack with the intent to create apprehension of imminent physical or bodily harm on Militello.

43.     Due to Deputy Daly-England's actions, Militello was in reasonable apprehension and feared imminent physical or bodily harm.

44.     Deputy Daly-England acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Militello's rights, safety, or property.

45.     As a direct and proximate cause of Deputy Daly-England's intentional assault, Militello has suffered damages, physical injury, pain and suffering, mental anguish, emotional distress and loss of capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, prejudgment interest and any further relief this Court deems equitable and just and proper.

## COUNT III
## FALSE IMPRISONEMENT

46.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

47.     On or about May 25, 2012, Deputy Daly-England intentionally restrained Militello without provocation.

48.     Deputy Daly-England's actions of intentionally restraining Militello were unreasonable, unwarranted, without probable cause and without legal authority.

49.     Due to Deputy Daly-England's actions, Militello was placed in handcuffs and falsely imprisoned in a booking cell at the Broward County Jail.

50.     Deputy Daly-England acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Militello's rights, safety, or property.

51.     As a direct and proximate cause of Deputy Daly-England's falsely imprisoning Militello, Militello has suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, prejudgment interest and any further relief this Court deems equitable and just.

## COUNT IV
## FALSE ARREST

52.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

53.     On or about May 25, 2012, Deputy Daly-England intentionally restrained Militello without provocation.

54.     Deputy Daly-England's actions of intentionally restraining Militello were unreasonable, unwarranted, without probable cause and without legal authority.

55.     Due to Deputy Daly-England's actions, Militello was placed in handcuffs and falsely arrested at a booking cell at the Broward County Jail.

56.     Deputy Daly-England acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Militello's rights, safety, or property.

57.     As a direct and proximate cause of Deputy Daly-England's falsely arresting Militello, Militello has suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, prejudgment interest and any further relief this Court deems equitable and just.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

59.     On or about May 25, 2012, Deputy Daly-England intentionally attacked and deliberately inflicted emotional distress on Militello without provocation.

60.     Deputy Daly-England's conduct was outrageous and extreme in degree.

61.     As a direct and proximate cause of Deputy Daly-England's intentional infliction of emotional distress, Militello has suffered damages, severe emotional distress, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, prejudgment interest and any further relief this Court deems equitable and just.

**COUNT VI**
**MALICIOUS PROSECUTION**

62.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

63.     On or about May 25, 2012, Deputy Daly-England arrested Militello for resisting an officer without violence.

64.     After arresting Militello, Deputy Daly-England caused a prosecution to be instituted against her in County Court, in and for Broward County, without probable cause, as the facts observed by Deputy Daly-England and where the matters known to Deputy Daly-England before institution of the aforementioned prosecution would not have warranted a reasonable person to believe that any criminal offense had been committed by Militello.

65.     Deputy Daly-England acted with malice in instituting the aforesaid prosecution, in that she instituted it without probable cause, and/or express malice as shown by Deputy Daly-England's reckless disregard for the rights of Militello and her personal animosity and hostility towards Militello.

66.     No prosecution would have occurred but for the actions of Deputy Daly-England.

67.     The criminal proceeding against Militello was resolved in her favor by a *Nolle Prosse* entered by the State Attorney.

68.     As a direct and proximate cause of Deputy Daly-England's malicious prosecution, Militello has suffered damages, severe emotional distress, physical injury, pain and suffering,

mental anguish, humiliation, disgrace, injury to her feelings and reputation, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, prejudgment interest and any further relief this Court deems equitable and just.

### COUNT VII
### 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION CLAIM
### UNLAWFUL IMPRISONMENT AND ARREST

69.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

70.     At all times material hereto, Militello maintained the right to be free from unlawful imprisonment and arrest a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

71.     At all times material hereto, Deputy Daly-England was acting under the color of state law as a law enforcement officer employed by BSO.

72.     On or about May 25, 2012, Deputy Daly-England, while acting under the color of state law, unlawfully imprisoned and arrested Militello.

73.     Deputy Daly-England's imprisonment and arrest of Militello was unlawful because there was no arrest warrant nor was there arguable probable cause for arrest.

74.     Due to Daly England's unlawful imprisonment and arrest, Militello was deprived of her constitutionally protected right to be free from unlawful imprisonment and arrest.

75.     As a direct and proximate cause of Deputy Daly-England's unlawful imprisonment and arrest, Militello's constitutionally protected civil rights were violated and she

suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988 and 42 U.S.C. § 12205, prejudgment interest and any further relief this Court deems equitable and just.

**COUNT VIII**
**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION**
**EXCESSIVE USE OF FORCE**

76.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

77.     At all times material hereto, Militello maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

78.     At all times material hereto, Deputy Daly-England was acting under the color of state law as a law enforcement officer employed by BSO.

79.     On or about May 25, 2012, Deputy Daly-England, while acting under the color of state law, intentionally attacked Militello without provocation.

80.     Deputy Daly England's attack on Militello constitutes an excessive use of force on Militello because said attack was undertaken during the commission of a false arrest unsupported by probable cause or an arrest warrant.

81.     Due to Deputy Daly England's excessive use of force, Militello was deprived of her constitutionally protected right to be free from the excessive use of force.

82.     As a direct and proximate cause of Deputy Daly-England's excessive use of force, Militello's constitutionally protected civil rights were violated and she suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988 and 42 U.S.C. § 12205, prejudgment interest and any further relief this Court deems equitable and just.

## COUNT IX
## 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION CLAIM
## MALICIOUS PROSECUTION

83.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

84.     At all times material hereto, Militello maintained the right to be free from malicious prosecution, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

85.     At all times material hereto, Deputy Daly-England was acting under the color of state law as a law enforcement officer employed by BSO.

86.     After arresting Militello, Deputy Daly-England caused a prosecution to be instituted against her in County Court, in and for Broward County, without probable cause, as the facts observed by Deputy Daly-England and where the matters known to Deputy Daly-England before institution of the aforementioned prosecution would not have warranted a reasonable person to believe that any criminal offense had been committed by Militello.

13

87.     Deputy Daly-England acted with malice in instituting the aforesaid prosecution, in that she instituted it without probable cause, and/or express malice as shown by Deputy Daly-England's reckless disregard for the rights of Militello and her personal animosity and hostility towards Militello.

88.     No prosecution would have occurred but for the actions of Deputy Daly-England.

89.     The criminal proceeding against Militello was resolved in her favor by a *Nolle Prosse* entered by the State Attorney.

90.     Due to Deputy Daly England's malicious prosecution of Militello, Militello was deprived of her constitutionally protected right to be free from malicious prosecution.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Daly-England, an award of compensatory damages, punitive damages, reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988 and 42 U.S.C. § 12205, prejudgment interest and any further relief this Court deems equitable and just.

### CAUSE OF ACTION AGAINST DEPUTY TIFFANNIE FANN

**COUNT X**
**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION**
**FAILURE TO INTERVENE**

91.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

92.     This cause of action is brought by Militello against Deputy Fann for her failure to intervene to prevent Deputy Daly-England from violating the constitutional rights of Militello.

93.     Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

94.     Deputy Fann failed to prevent excessive force from being committed against Militello when she had a reasonable opportunity to do so. Deputy Fann's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

95.     Deputy Fann failed to prevent an unlawful arrest from being committed against Militello when she had a reasonable opportunity to do so. Deputy Fann's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

96.     Deputy Fann failed to prevent a malicious prosecution from being committed against Militello when she had a reasonable opportunity to do so. Deputy Fann's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

97.     As a direct and proximate cause of Deputy Fann's failure to intervene, Militello's constitutionally protected civil rights were violated and she suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Fann , an award of compensatory damages, punitive damages, reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988 and 42 U.S.C. § 12205, prejudgment interest and any further relief this Court deems equitable and just.

### CAUSE OF ACTION AGAINST DEPUTY RUFINO MOREL JR.

### COUNT XI
### 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION
### FAILURE TO INTERVENE

98.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

15

99.     This cause of action is brought by Militello against Deputy Morel for his failure to intervene to prevent Deputy Daly-England from violating the constitutional rights of Militello.

100.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

101.    Deputy Morel failed to prevent excessive force from being committed against Militello when he had a reasonable opportunity to do so. Deputy Morel's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

102.    Deputy Morel failed to prevent an unlawful arrest from being committed against Militello when he had a reasonable opportunity to do so. Deputy Morel's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

103.    Deputy Morel failed to prevent a malicious prosecution from being committed against Militello when he had a reasonable opportunity to do so. Deputy Morel's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

104.    As a direct and proximate cause of Deputy Morel's failure to intervene, Militello's constitutionally protected civil rights were violated and she suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Morel an award of compensatory damages, punitive damages, reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988 and 42 U.S.C. § 12205, prejudgment interest and any further relief this Court deems equitable and just.

## CAUSE OF ACTION AGAINST DEPUTY DANNY POLK

### COUNT XII
### 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION
### FAILURE TO INTERVENE

105.    Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

106.    This cause of action is brought by Militello against Deputy Polk for his failure to intervene to prevent Deputy Daly-England from violating the constitutional rights of Militello.

107.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

108.    Deputy Polk failed to prevent excessive force from being committed against Militello when he had a reasonable opportunity to do so. Deputy Polk's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

109.    Deputy Polk failed to prevent an unlawful arrest from being committed against Militello when he had a reasonable opportunity to do so. Deputy Polk's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

110.    Deputy Polk failed to prevent a malicious prosecution from being committed against Militello when he had a reasonable opportunity to do so. Deputy Polk's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

111.    As a direct and proximate cause of Deputy Polk's failure to intervene, Militello's constitutionally protected civil rights were violated and she suffered damages, physical injury,

17

pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against Deputy Polk an award of compensatory damages, punitive damages, reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988 and 42 U.S.C. § 12205, prejudgment interest and any further relief this Court deems equitable and just.

<u>**CAUSES OF ACTION AGAINST BSO**</u>

**COUNT XIII**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT VIOLATION**

112.    Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if set forth herein.

113.    Militello is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

114.    BSO is a public entity as defined in the Americans with Disabilities Act, 42 U.S.C. § 12131(1).

115.    The ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

116.    BSO violated the ADA, 42 U.S.C. § 12132, by treating her in a discriminatory fashion because of her known disability. Militello's disability was made obvious by crutches and the fact that she informed them of her disability.

117.    BSO officers singled Militello out because of her disability, and then used her physical delay in movement, caused by her disability, as a reason to scream and curse at her

18

when she could not stand on her own and by failing to provide the assistance Militello needed in standing and walking, or at minimum allowing her additional time to respond to requests that required physical movements.

118.    BSO officers then blatantly ignored Militello's request for assistance, and instead screamed at her to get up, grabbed her, forced her to stand up, Deputy Daly-England roughly shoved her into a wall. Deputy Daly-England then drug Militello into a room where she beat her until Militello lost consciousness and began to suffer seizures.

119.    Deputy Daly-England's attack on Militello was unprovoked and in blatant disregard of Militello's rights. Deputy Daly-England's attack was motivated by intentional discrimination and malice, and the deliberate disregard of the rights of Militello, as an individual with a physical disability who was using crutches, would be unable to defend herself.

120.    As a result of Deputy Daly-England's violence toward her and the failure to intervene by the other officers, Militello suffered a seizure and lost consciousness. Deputy Daly-England used Militello's underwear to wipe the blood from her face.

121.    Militello was subject to verbal abuse, physical abuse, and humiliation. She was deprived of the level of respect other incarcerated individuals are shown—to at least be free of abuse and ridicule. While others were able to walk through the facility safely, Militello was not, because she could not stand on her own. She was forced to stand up, shoved against a wall, and then dragged across the floor by her hair.

122.    As a result of BSO's actions, Militello has been injured and suffered emotional distress, pain, and anguish.

123.    At all times, the Defendant Officers were able to and failed to provide Militello assistance in standing and walking, or, at minimum, allow her the additional time that she needed because of her physical disability.

124.    BSO's actions were intentional and with reckless disregard and deliberate indifference for Militello's rights as a person with a disability.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against the BSO, including injunctive relief, an award of all recoverable compensatory damages, attorney's fees and costs, and any further lawful damages and relief this Court deems equitable and just

## COUNT XIV
## SECTION 504 OF THE REHABILITATION ACT VIOLATION

126.    Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as ifset forth herein.

127.    Militello is a qualified individual with a disability within the meaning of the ADA.

128.    BSO is a recipient of federal financial assistance.

129.    The Department of Justice's regulation implementing Section 504, for its own programs and activities, which includes BSO, is codified at 28 C.F.R. pt. 39.

130.    Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against by a public entity.

131.    BSO has discriminated against Militello by failing to provide the assistance Militello needed in standing and walking, or at minimum allowing her additional time to respond to requests that required physical movements.

132.    BSO discriminated against Militello and violated her rights under the Rehabilitation act by treating her in a discriminatory fashion solely because of her known disability. Militello's disability was made obvious by crutches and the fact that she informed them of her disability.

133.    BSO officers singled Militello out because of her disability, and then used her physical delay in movement, caused by her disability, as a reason to scream and curse at her when she could not stand on her own. and by failing to provide the assistance Militello needed in standing and walking, or at minimum allowing her additional time to respond to requests that required physical movements.

134.    BSO officers then blatantly ignored Militello's request for assistance, and instead screamed at her to get up, grabbed her, forced her to stand up, Deputy Daly-England roughly shoved her into a wall. Deputy Daly-England then drug Militello into a room where she beat her until Militello lost consciousness and began to suffer seizures.

135.    Deputy Daly-England's attack on Militello was unprovoked and in blatant disregard of Militello's rights.. Deputy Daly-England's attack was motivated by intentional discrimination and malice, and the deliberate disregard of the rights of Militello, as an individual with a physical disability who was using crutches, would be unable to defend herself.

136.    As a result of Deputy Daly-England's violence toward her and the failure to intervene by the other officers, Militello suffered a seizure and lost consciousness. Deputy Daly-England used Militello's underwear to wipe the blood from her face.

Militello was subject to verbal abuse, physical abuse, and humiliation. She was deprived of the level of respect other incarcerated individuals are shown—to at least be free of abuse and ridicule. While others were able to walk through the facility safely, Militello was not, because she could not stand on her own. She was forced to stand up, shoved against a wall, and then dragged across the floor by her hair.

137.    As a result of BSO's actions, Militello has been injured and suffered emotional distress, pain, and anguish.

138.    At all times, the Defendant Officers were able to provide Militello assistance in standing and walking, or, at minimum, allow her the additional time that she needed because of her physical disability. Instead, Deputy Daly-England verbally and physically abused Militello, because of her disability.

139.    BSO's actions were intentional and with reckless disregard and deliberate indifference for Militello's rights as a person with a disability.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against the BSO, appropriate injunctive relief, an award of all recoverable compensatory damages, attorney's fees and costs, and any further lawful damages and relief this Court deems equitable and just.

## COUNT XV
## BATTERY
## (PLEADING IN THE ALTERNATIVE)

140.    Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

141.    At all times material hereto, Deputy Daly-England was an employee of the BSO.

142.    At all times material hereto, BSO maintained a supervisory role of all actions undertaken by Deputy Daly-England during the course and scope of her employment.

143.     At all times material hereto, Deputy Daly-England was acting within the course and scope of her employment with BSO.

144.     Deputy Daly-England, while acting within the course and scope of her employment, committed a battery by attacking Militello causing harmful or offensive physical contact.

145.     While committing this battery, Deputy Daly-England did not act in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Militello's rights, safety, or property.

146.     As a direct and proximate cause of Deputy Daly-England's battery, Militello suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against the BSO, an award of compensatory damages, prejudgment interest and any further relief this Court deems equitable and just.

### COUNT XVI
### ASSAULT
### (PLEADING IN THE ALTERNATIVE)

147.     Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

148.     At all times material hereto, Deputy Daly-England was an employee of the BSO.

149.     At all times material hereto, BSO maintained a supervisory role of all actions undertaken by Deputy Daly-England during the course and scope of her employment.

150.     At all times material hereto, Deputy Daly-England was acting within the course and scope of her employment with BSO.

151.    Deputy Daly-England, while acting within the course and scope of her employment, committed an assault by attacking Militello and causing Militello to be in fear of harmful or offensive physical contact.

152.    While committing this assault, Deputy Daly-England did not in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Militello's rights, safety, or property.

153.    As a direct and proximate cause of Deputy Daly-England's assault, Militello suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against the BSO, an award of compensatory damages, prejudgment interest and any further relief this Court deems equitable and just.

### COUNT XVII
### FALSE ARREST
### (PLEADING IN THE ALTERNATIVE)

154.    Militello realleges paragraphs 1 through 32 and incorporates said paragraphs as if fully set forth herein.

155.    At all times material hereto, Deputy Daly-England was an employee of the BSO.

156.    At all times material hereto, the BSO maintained a supervisory role of all actions undertaken by Deputy Daly-England during the course and scope of her employment.

157.    At all times material hereto, Deputy Daly-England was acting within the course and scope of her employment with the BSO.

158.   Deputy Daly-England, while acting within the course and scope of her employment, falsely arrested Militello without an arrest warrant or probable cause that a crime was committed.

159.   While committing this assault, Deputy Daly-England did not in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Militello's rights, safety, or property.

160.   As a direct and proximate cause of Deputy Daly-England's false arrest, Militello suffered damages, physical injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, LAUREN MILITELLO, demands judgment against BSO, an award of compensatory damages, prejudgment interest and any further relief this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury on all issues so triable.

**DATED**: January 24, 2014.

ENTIN & DELLA FERA, P.A.
110 Southeast 6th Street, Suite 1970
Fort Lauderdale, Florida 33301
Telephone:   (954) 761-7201
Facsimile:   (954) 764-2443
*Attorneys for Plaintiff Lauren Militello*

By:   */s/ Joshua M. Entin*_____
JOSHUA M. ENTIN, ESQ.
Florida Bar No.: 493724
josh@entinlaw.com

DISABILITY INDEPENDENCE GROUP, INC
2990 SW 35th Avenue,
Miami, Florida 33133
Telephone:     (305) 669-2822
Facsimile:     (305) 442-4181
*Attorneys for Plaintiff Lauren Militello*

By:     */s/ Matthew W. Dietz*
         MATTHEW W. DIETZ
         Florida Bar No.: 84905